IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE. D. HERNANDEZ | § | |
|    TDCJ-CID #10048782 | § | |
| | § | |
| VS. | § | C.A. NO. C-08-110 |
| | § | |
| SPOHN MEMORIAL HOSPITAL, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER
## RETAINING CASE

This case is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

For the reasons stated herein, plaintiff's claim of deliberate indifference to his serious medical needs is retained on the Court's docket, and service shall be ordered on defendants.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff (D.E. 11), this case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  See 28 U.S.C. § 636(c).

**II.    Background facts and plaintiff's allegations.**

Plaintiff is a former inmate in the Texas Department of Criminal Justice, Criminal Institutions Division.  On February 23, 2008, he was arrested on charges of domestic disturbance, and taken to the Nueces County Jail.  He is scheduled to go to trial on the criminal charges in May, 2008.

Plaintiff filed this lawsuit on April 7, 2008, complaining that, since his arrest, defendants have denied him his necessary medications for pain and anxiety. (D.E. 1).  A Spears[1] hearing was conducted on April 17, 2008.  At the hearing, plaintiff identified the following four defendants: Nueces County Jail; Christus Spohn Memorial Hospital; Dr. Flores; and, Dr. Imam.  The following allegations were made in plaintiff's original complaint or at the hearing:

Plaintiff is a Vietnam Veteran, and for the last ten years, has been under the care of physicians with the Veterans Affairs Administration ("VA").  He suffers from cervical degenerative disc disease, generalized anxiety disorder, Post Traumatic Stress Disorder

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

("PTSD"), and problems sleeping, for which he takes various medications, including a pain reliever, a sleeping aid, and something to help with his anxiety. Prior to his arrest, he was also suffering from a toothache, and he was scheduled to see a VA dentist in San Antonio.

Plaintiff was arrested on Saturday, February 23, 2008. The next day, he was seen by a health care provider with Christus Spohn Memorial Hospital who conducted a medical intake screening.[2] It was noted that he had a history of cervical degenerative disc disease at C6-C7, PTSD, and anxiety, and that he was currently taking medications for pain, his nerves, and to help sleep. At that intake screening, it was noted that plaintiff needed to see the jail psychiatrist. In addition, plaintiff signed medical release forms authorizing the VA to release his medical records.

On February 27, 2008, plaintiff met with the jail physician, Dr. Flores, and requested anti-anxiety and pain medication. Plaintiff also reported that he had a toothache and that he had been scheduled to see a dentist, but was arrested before the appointment, and was in substantial pain. Dr. Flores told plaintiff that he would have to request the anti-anxiety medication from the jail psychiatrist, and he refused to give him pain medication, instead telling him that he could purchase Tylenol from the jail commissary. Dr. Flores prescribed Relafen, an anti-inflammatory medication, for plaintiff's degenerative disc disease. On that same day, plaintiff submitted an inmate communication form ("ICF") requesting to be seen by a dentist. He also requested Trustee status, but was denied due to his medical conditions.

---

[2] On April 23, 2008, Nueces County, as *amicus curiae*, submitted a copy of plaintiff's medical records from the jail. The records are filed under seal at D.E. 14.

On March 7, 2008, plaintiff submitted an ICF requesting pain medication. The jail nurses on call responded that he could not receive pain medication unless he was seen by a doctor. On March 10, 2008, plaintiff submitted an ICF again requesting to see a dentist. He also requested the address for the federal courthouse. He did not get a response.

On March 11, 2008, plaintiff submitted an ICF requesting to see a dentist. He was told that an appointment had been scheduled. On March 13, 2008, plaintiff submitted an ICF complaining of a rash and pain. He received no response.

On March 15, 2008, plaintiff was seen by Dr. Morin, D.D.S. Plaintiff was diagnosed with an abscessed tooth, and it was extracted that day. Dr. Morin prescribed an antibiotic, as well as pain medication for seven days.

On March 17, 2008, plaintiff was seen by Dr. Flores for his complaints of a rash. Dr. Flores prescribed hydrocortisone cream and continued him on Relafen.

On March 21, 2008, plaintiff's sister brought his VA medications to the jail. The medicines were noted in his medical file,[3] but he was not allowed to receive them.

At the evidentiary hearing, plaintiff testified that, on a scale of 1 to 10, his neck pain is usually an 8. He has been on the anxiety, pain, and sleep medications for years and these medicines have helped him to function. He testified that he repeatedly requested to be seen by a psychiatrist so that he could get the anti-anxiety medication, but the jail psychiatrist never responded. He claims that he repeatedly requested pain medication, but his requests

---

[3] The medications are: (1) Trazadone; (2) Gabapenton; (3) Naproxen; (4) Quetiapine Fumarate; (5) Dihenhydromine; (6) Buprofen; (7) Hydrocortisone; (8) Hydrocodone; and (9) Nicotine Transdermal.

were denied. He seeks injunctive relief in the form of receiving proper medical care. He also seeks compensatory and punitive damages.

### III. DISCUSSION

**A.     Legal standard.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Eighth Amendment.**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the eighth

amendment. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834. Deliberate indifference is more than mere negligence. Id. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. at 837.

Plaintiff claims that Dr. Flores was deliberately indifferent to his serious medical needs because he knew of his serious medical conditions, including degenerative disc disease, PTSD, anxiety, and sleeping problems as they were documented in his medical file, but refused to continue him on the medications he was taking prior to his arrest. He complains that he repeatedly sent Dr. Flores numerous requests for pain medication for both his toothache and neck pain, but Dr. Flores would not prescribe it, and told him to purchase Tylenol at the commissary.

As to Dr. Imam, plaintiff alleges that he sent ICFs requesting to meet with him so that he might be prescribed medication for anxiety, but Dr. Imam never responded to his requests, and never scheduled an appointment. He claims that Nueces County and Christus Spohn Memorial failed to ensure that their staff responded appropriately to the medical needs of inmates.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Estelle

v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Farmer, 511 U.S. at 837. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff has alleged sufficient facts to satisfy § 1915A screening against the four named defendants. Upon his initial intake, plaintiff reported his serious medical conditions and that he was on various medications. In addition, he signed the proper release forms so that the jail medical staff could obtain his medical history and current medications from the VA. However, his medications were not continued and his complaints of pain were ignored, despite defendants' knowledge of plaintiff's medical needs. Taking plaintiff's allegations as true, he has established that he suffered from serious medical needs, that defendants were

7

aware of those needs, and that defendants ignored his needs, in deliberate indifference to his health and well being.  Thus, service will be ordered on Dr. Flores, Dr. Imam,[4] Nueces County and Christus Spohn Memorial Hospital.[5]

**IV.     Conclusion.**

Plaintiff's claims of deliberate indifference are retained.

ORDERED this 30th day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[4] Dr. Imam may be a state actor for purposes of § 1983.  See West v. Atkins, 487 U.S. 42, 55 (1988) (private physician under contract with the State to provide medical services to inmates at a state-prison on a part time basis acted under color of state law).

[5] Christus Spohn Memorial Hospital has already appeared and filed an answer in this case.  See D.E. 15.